UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 17-10220-GAO

PRECIOUS OKEREKE,
Plaintiff,

v.

PRISCILA FOLEY, MICHAEL CLIFFORD, JEN INGLIS,
JIM MEADE, and KIMBERLY MCCLEARY, in their individual and official capacities,
Defendants.

OPINION AND ORDER
June 30, 2017

O'TOOLE, D.J.

The plaintiff, Precious Okereke, proceeding *pro se*, brought suit in state court against several individuals affiliated with the Boston Public Library. The defendants removed the suit to this Court and moved to dismiss the complaint for failure to state a claim.

The plaintiff alleges that, after being accused of inappropriate behavior at a branch of the Boston Public Library, a trespass notice was issued against her and her library usage privileges were suspended for a period of approximately six months. She contends that her library privileges were suspended without the opportunity for "pre- and post- deprivation hearings." (Notice of Removal, Ex. 1 at 4 (dkt. no. 1-1).)

Although the plaintiff perfunctorily references a variety of causes of action, her complaint, construed broadly, generally sounds in procedural due process.[1] The due process clause of the Fourteenth Amendment provides that no State may "deprive any person of life, liberty, or property,

---

[1] To the extent the plaintiff seeks to advance the other claims summarily referenced in her "bases of complaint," the mere reference to the various causes of action without any factual support is insufficient to state a claim, as the defendant correctly asserts.

without due process of law." U.S. Const. amend XIV, § 1. In in order state a procedural due process claim, a plaintiff "must identify a protected liberty or property interest and allege that the defendants, acting under color of state law, deprived [him] of that interest without constitutionally adequate process." González–Droz v. González–Colón, 660 F.3d 1, 13 (1st Cir. 2011) (alteration in original) (quoting Aponte-Torres v. Univ. of P.R., 445 F.3d 50, 56 (1st Cir. 2006)). "[D]ue process is flexible and calls for such procedural protections as the particular situation demands." Mathews v. Eldridge, 424 U.S. 319, 334 (1976) (alteration in original) (quoting Morrissey v. Brewer, 408 U.S. 471, 481 (1972)); accord González–Droz, 660 F.3d at 13.

Even assuming the suspension of library privileges implicates a cognizable liberty or property interest, see, e.g., Wayfield v. Town of Tisbury, 925 F. Supp. 880, 885 (D. Mass. 1996), the plaintiff has failed to identify a constitutionally inadequate process attendant to the suspension. She appears to contend, without development, that her privileges were suspended without a hearing. However, a pre-deprivation hearing, in the formal sense of the word, is not necessarily required, see, e.g., Nappi v. Timberline Reg'l Library, No. C14-5945 JRC, 2015 WL 3936308, at *3 (W.D. Wash. June 26, 2015), and the plaintiff has not provided sufficient details as to what process occurred or did not occur before the suspension. For example, she "does not allege that [her] privileges were suspended on the basis of false accusations that [s]he did not have the opportunity to refute, that [s]he was banned on the basis of an invalid or vague policy, that [s]he was banned without warning or that [s]he has been denied an opportunity to seek readmittance to the library." Moore v. Wis. Dep't of Admin., No. 11-cv-304-bbc, 2011 WL 1897772, at *2 (W.D. Wis. May 18, 2011). Not only is it ambiguous as to whether she had any notice or opportunity to be heard prior to the suspension (short of a formal "hearing"), but it is also unclear what purpose

a pre-deprivation hearing would have served. See id.; see also González–Droz, 660 F.3d at 13–14. Further, the plaintiff's attack on the adequacy of the post-deprivation process can be summarily rejected as it appears she was afforded the opportunity to appeal the suspension.[2] She does not allege that she took advantage of the opportunity to appeal her decision, and instead appears to have chosen to file suit directly instead.

For the foregoing reasons, the defendants' Motion to Dismiss (dkt. no 4) is GRANTED. The complaint is DISMISSED.[3]

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge

---

[2] The plaintiff was informed that she could appeal her suspension in the same letter that notified her about the trespass notice and library suspension. Although the defendants attached the letter to their motion to dismiss, it is fairly incorporated into the complaint. See Rodi v. S. N.E. Sch. Of Law, 389 F.3d 5, 12 (1st Cir. 2004) (citations omitted); accord Beddall v. State Street Bank & Trust Co., 137 F.3d 12, 17 (1st Cir. 1998) ("When, as now, a complaint's factual allegations are expressly linked to—and admittedly dependent upon—a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6)." (citations omitted)).

[3] The plaintiff has been enjoined from "filing any additional or new claims, cases, complaints, or other documents in this Court, in any manner, way or form, without first obtaining the written approval of a judge of this Court." Okereke v. Bos. Police Hackney Div., C.A. No. 11-11626-RWZ, at *5 (D. Mass. Sept. 19, 2012). The prohibition does not preclude the plaintiff "from exercising any appeal rights she may have in this matter, nor from filing a timely Notice of Appeal." See id.

3